# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| WAYNE WILSON, ET. AL, § § *Plaintiffs*, § § v. § § ATLAS OILFIELD CONSTRUCTION CO., § LLC, § § *Defendant*. § | Civil Action No.  SA-14-CV-304-XR |

## ORDER

On this day came to be considered Plaintiffs' motion for conditional certification (docket no. 13). For the following reasons, the Court GRANTS the motion.

### Background

Plaintiffs bring this Fair Labor Standards Act (FLSA) suit on behalf of themselves and all other similarly situated employees pursuant to the "collective action" provisions of 29 U.S.C. § 216(b). Plaintiffs were employed as solids control technicians for Defendant Atlas Oilfield Construction Co., LLC. Defendant Atlas is an oilfield services company providing support services in the oil and gas industry.

Defendant paid solids control technicians, including Plaintiffs, on a day rate basis. Plaintiffs allege they, as solids control technicians, worked in excess of sixty hours per week without proper overtime compensation.

### Analysis

29 U.S.C. § 216 permits an employee to bring an action against an employer "[on] behalf of himself . . . and other employees similarly situated." Unlike a Rule 23 class action, in which plaintiffs "opt out" of the class, a § 216 plaintiff must "opt in" to become part of the class. *See* FED. R. CIV. P. 23;

*Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995). Accordingly, the method adopted by this Court[1] for determining whether to certify a collective action under § 216(b)—the *Lusardi* two-tiered approach—involves conditional certification, allowing the plaintiff to notify potential members of the action, followed by a factual determination at a second stage as to whether the putative class members are similarly situated. *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987); *Mooney*, 54 F.3d at 1213–14.

In the first stage, called the notice stage, the District Court must make an initial determination whether notice of the action should be sent to potential class members. *Lusardi v. Xerox Corp.*, 118 F.R.D. at 351; *Mooney*, 54 F.3d at 1213. This determination is based solely on the pleadings and affidavits. The pleadings and affidavits must make a preliminary factual showing that a similarly situated group of potential plaintiffs exists. *Trezvant v. Fid. Employer Servs. Corp.*, 434 F. Supp. 2d 40, 43 (D. Mass. 2006). The standard is a lenient one typically resulting in conditional certification of a representative class to whom notice is sent and whose members receive an opportunity to opt in. "The decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court." *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001); *see* U.S.C. § 216(b); *Mooney*, 54 F.3d at 1213–14.

Once conditional certification is granted, the case proceeds through discovery as a representative action. *Mooney*, 54 F.3d at 1214. Upon completion of discovery, the defendant will typically file a motion for decertification. *Id.* At this second stage of the analysis, the District Court should make a factual determination as to whether the putative class members are similarly situated. *Id.* If so, then the representative action may proceed; if not, then the class should be decertified, the opt-in plaintiffs dismissed, and the class representatives should be allowed to proceed on their individual claims. *See Johnson v. TGF Precision Haircutters, Inc.*, 319 F.Supp.2d 753, 754–55 (S.D. Tex. 2004).

---

[1] The Fifth Circuit has specifically permitted district courts to apply the *Lusardi* approach at the district court's discretion, but has not formally adopted the *Lusardi* approach itself. *Mooney*, 54 F.3d at 1214. This Court has previously applied the *Lusardi* approach. *See, e.g.*, *Barrera v. MTC, Inc.,* SA-10-CV-665-XR, 2011 WL 809315 (W.D. Tex. Mar. 1, 2011).

Here, the Court has reviewed Plaintiffs' pleadings, affidavits, opposed motion for conditional certification, and held a hearing. The Court finds Plaintiffs' pleadings and affidavits state a violation of the FLSA and make a preliminary showing that a similarly situated group of potential plaintiffs exists. The Court therefore conditionally certifies the case as a collective action. The class is defined as follows:

> All Persons employed by Atlas Oilfield Construction Co., LLC, as solids control technicians (and all Persons with the exact same job duties as solids control technicians under different titles) in Texas at any time from April 3, 2011 to the present within fourteen (14) days of the date of this Order.

## CONCLUSION

For the foregoing reasons, the Court finds Plaintiffs' allegations and affidavits are sufficient to allow an initial conditional certification of the case as a collective action. Therefore, the Court GRANTS Plaintiff's motion for conditional certification (docket no. 13).

To facilitate the progression of this case through a final determination of the collective action status, the Court ORDERS Defendant to provide Plaintiffs with a list (in an electronic spreadsheet) of the names and last known addresses (and the last four digits of their social security number) of all current or former employees who worked as solids control technicians (and all others with the exact same duties under different job titles) at any Atlas location in Texas at any time between April 3, 2011, to the present within fourteen (14) days of the date of this Order. Upon receipt of said list by Plaintiffs, Plaintiffs shall send to potential class members the court-approved notice of this action (docket no. 13, exs. 1 and 2) as amended by the definition of the class above, with a date-specific deadline for opting-in that is sixty (60) days from the date of the mailing of the notices.

It is so ORDERED.

SIGNED this 12th day of September, 2014.

XAVIER RODRIGUEZ

UNITED STATES DISTRICT JUDGE